Filed 12/14/15  P. v. Ceja CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E062467 |
| v. | (Super.Ct.No. FSB1404077) |
| JOSE CEJA, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Michael A.  Smith, Judge.  Affirmed.

John L. Staley, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, and Melissa Mandel and Stephanie H. Chow, Deputy Attorneys General, for Plaintiff and Respondent.

Defendant Jose Ceja pleaded guilty to one count of unlawfully taking a vehicle in violation of Vehicle Code section 10851, subdivision (a). Subsequently, California voters enacted Proposition 47, the Safe Neighborhoods and Schools Act, which among other things established a procedure for specified classes of offenders to have their felony convictions reduced to misdemeanors and be resentenced accordingly. (Pen. Code, § 1170.18.) In this appeal, defendant challenges the denial of his petition for resentencing pursuant to Proposition 47. He contends that the trial court erred by determining that he was not eligible for relief. We affirm.

## I. FACTS AND PROCEDURAL BACKGROUND

On September 8, 2014, defendant pleaded guilty to a felony violation of unlawfully taking a vehicle in violation of Vehicle Code section 10851, subdivision (a).[1] The vehicle in question was a 1996 Honda Accord, which had been stolen, and which defendant was observed to have been driving shortly before being detained by police.

On November 10, 2014, defendant filed in propria persona a petition for resentencing pursuant to Penal Code section 1170.18. On November 21, 2014, the trial court denied the petition, finding that defendant "does not satisfy the criteria in Penal Code [section] 1170.18 and is not eligible for resentencing."

---

[1] Defendant also admitted that he had violated the terms of his probation in a prior felony case.

## II. DISCUSSION

### A. Background Regarding Proposition 47

On November 4, 2014, voters enacted Proposition 47, and it went into effect the next day. (Cal. Const., art. II, § 10, subd. (a).) "Proposition 47 makes certain drug- and theft-related offenses misdemeanors, unless the offenses were committed by certain ineligible defendants. These offenses had previously been designated as either felonies or wobblers (crimes that can be punished as either felonies or misdemeanors)." (*People v. Rivera* (2015) 233 Cal.App.4th 1085, 1091.) "Proposition 47 also created a new resentencing provision: [Penal Code] section 1170.18. Under section 1170.18, a person 'currently serving' a felony sentence for an offense that is now a misdemeanor under Proposition 47, may petition for a recall of that sentence and request resentencing in accordance with the statutes that were added or amended by Proposition 47." (*Id.* at p. 1092.)

As relevant to the present case, Proposition 47 added Penal Code section 490.2, which provides as follows: "Notwithstanding [Penal Code] Section 487 or any other provision of law defining grand theft, obtaining any property by theft where the value of the money, labor, real or personal property taken does not exceed nine hundred fifty dollars ($950) shall be considered petty theft and shall be punished as a misdemeanor . . . . (Pen. Code, § 490.2, subd. (a).) Penal Code section 490.2 is explicitly listed in Penal Code section 1170.18 as one of "those sections [that] have been amended or added" by Proposition 47. (Pen. Code, § 1170.18, subd. (a).)

**B. Analysis.**

As defendant acknowledges, Penal Code section 1170.18, subdivision (a), does not identify Vehicle Code section 10851, the offense to which he pleaded guilty, as one of the Penal Code sections amended or added by Proposition 47. Vehicle Code section 10851 is, however, a lesser included offense to Penal Code section 487, subdivision (d)(1), grand theft, auto. (*People v. Barrick* (1982) 33 Cal.3d 115, 128.) Defendant argues that Penal Code section 1170.18 explicitly applies to violations of Penal Code section 487, through the introductory clause of Penal Code section 490.2, so it "logically applies" to lesser included offenses of Penal Code section 487, including Vehicle Code section 10851. We disagree.[2]

As noted, Penal Code section 1170.18 provides a mechanism for a person "who would have been guilty of a misdemeanor," if Proposition 47 had been in effect at the time of the offense, to petition for resentencing in accordance with certain enumerated sections that were amended or added by Proposition 47. (Pen. Code, § 1170.18, subd. (a).) We cannot say that defendant would have been guilty of a misdemeanor had Proposition 47 been in effect at the time of his offense. Vehicle Code section 10851 is a "wobbler" offense, punishable either as a felony or misdemeanor. (Veh. Code, § 10851, subd. (a); see (*People v. Superior Court (Alvarez)* (1997) 14 Cal.4th 968, 974, fn. 4 [listing Veh. Code § 10851, subd. (a) as a statute that provides for "alternative felony or

---

[2] Our analysis here is substantively identical to this court's opinion in *People v. Page* (2015) 241 Cal.App.4th 714, which was filed after the circulation of the tentative opinion in this matter but prior to oral argument.

misdemeanor punishment"].) As defendant concedes, Proposition 47 left intact the language in Vehicle Code section 10851, subdivision (a), which makes a violation of that statute punishable as either a felony or a misdemeanor. Based on the statutory language alone, therefore, whether before or after Proposition 47, defendant could be convicted for a felony violation of Vehicle Code section 10851.

In arguing otherwise, defendant focuses on the circumstance that, with Proposition 47's addition of Penal Code section 490.2, the theft of an automobile valued $950 or less is no longer grand theft, but instead petty theft, unless the offense was committed by certain ineligible defendants. (Pen. Code, §§ 490.2, subd. (a), 487, subd. (d)(1).) Thus, a defendant who could demonstrate that his or her conviction for a violation of Penal Code section 487, subdivision (d)(1), was based on theft of an automobile valued $950 or less may be eligible to apply for relief under Proposition 47 and Penal Code section 1170.18. (Pen. Code, § 1170.18, subd. (a).) The gravamen of defendant's arguments on appeal is that a defendant convicted of a lesser included offense of Penal Code section 487 should be entitled to similar relief.

The plain language of Penal Code section 1170.18, however, is incompatible with defendant's proposed interpretation. Penal Code section 1170.18, subdivision (a) provides a mechanism for an offender to request to be resentenced "in accordance with" certain enumerated sections that were amended or added by Proposition 47, and which provide for different, lesser punishment than applied before the enactment of Proposition 47. (Pen. Code, § 1170.18, subd. (a).) As noted, the statutory language setting the punishment for violations of Vehicle Code section 10851 remains the same, before and

5

after Proposition 47, and is not included among the enumerated sections amended or added by Proposition 47. (Veh. Code, § 10851, subd. (a); see Pen. Code, § 1170.18, subd. (a).) Defendant therefore could not be resentenced in accordance with any of the sections added or explicitly amended by Proposition 47. Put another way: Exactly the same sentencing considerations apply to defendant's conviction offense before and after Proposition 47, so there is no basis for reconsidering or reducing the sentence that was initially imposed.

Defendant contends that Vehicle Code section 10851 was "indirectly amended" by virtue of Penal Code section 490.2's reference to Penal Code section 487, and the circumstance that Vehicle Code section 10851 is a lesser included offense of Penal Code section 487, subdivision (d)(1). On its face, however, Penal Code section 490.2 does no more than amend the definition of grand theft, as articulated in Penal Code section 487 or any other provision of law, redefining a limited subset of offenses that would formerly have been grand theft to be petty theft. (Pen. Code, § 490.2.) Vehicle Code section 10851 does not proscribe theft of either the grand or petty variety, but rather the taking or driving of a vehicle "with or without intent to steal." (Veh. Code, § 10851, subd. (a); see also *People v. Garza* (2005) 35 Cal.4th 866, 876 [Veh. Code, § 10851, subd. (a) "'proscribes a wide range of conduct,'" and may be violated "'either by taking a vehicle with the intent to steal it or by driving it with the intent only to temporarily deprive its

owner of possession (i.e., joyriding)'"].)  Penal Code section 490.2 is simply inapplicable to defendant's conviction offense.[3]

To be sure, "Vehicle Code section 10851 is not classified as a 'serious felony,' and it is not as serious as crimes in which violence is inflicted or threatened against a person." (*People v. Gaston* (1999) 74 Cal.App.4th 310, 321.)  It is not unreasonable to argue, as defendant has, that the same policy reasons motivating Proposition 47's reduction in punishment for certain felony or wobbler offenses would also apply equally well to Vehicle Code section 10851.[4]  Nevertheless, if Proposition 47 were intended to apply not only to reduce the punishment for certain specified offenses, but also any lesser included offenses, we would expect some indication of that intent in the statutory language.  We

_____

[3] Even if we were to assume that Penal Code section 490.2 applied as defendant would have it—to reduce some Vehicle Code section 10851 convictions that would otherwise be felonies to misdemeanors, at least where the facts underlying the conviction involve theft (as opposed to merely joyriding) of a vehicle valued $950 or less—it does not appear that defendant would be entitled to relief.  Defendant's guilty plea shows only that he unlawfully took and drove a 1996 Honda Accord; nothing in the record establishes the value of the vehicle to be $950 or less.  The burden of proof lies with defendant to show the facts demonstrating his eligibility for relief, including that the value of the stolen vehicle did not exceed $950.  (*People v. Sherow* (2015) 239 Cal.App.4th 875, 877.)  Defendant did not attempt to meet that burden in his petition, giving virtually no information regarding his eligibility for resentencing, instead merely asserting the bald (and erroneous) conclusion that he was eligible.

[4] That said, we find nothing absurd or irrational about the legislative determination that theft of certain automobiles of very low value should be treated as petty theft, and thus potentially a misdemeanor, while retaining the statutory option of punishing the unlawful taking or driving of a vehicle, regardless of intent to steal, as a felony violation of Vehicle Code section 10851.  (See *People v. Wilkinson* (2004) 33 Cal.4th 821, 838-839 [finding rational basis for statutory scheme allowing the "'lesser'" offense of battery without injury to be punished more severely than the "'greater'" offense of battery with injury].)

find nothing of the sort.  It is simply not our role to interpose additional changes to the Penal Code or the Vehicle Code beyond those expressed in the plain language of the additions or amendments resulting from the adoption of Proposition 47.

In short:  The offense to which defendant pleaded guilty is not among those reduced to a misdemeanor by Proposition 47, so the trial court correctly determined him to be ineligible for recall of sentence and resentencing pursuant to Penal Code section 1170.18.

## III. DISPOSITION

The order appealed from is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

    HOLLENHORST
Acting P. J.

We concur:

    MCKINSTER
                J.

    KING
                J.